THE COUNTY OF CLARE v. THE AUDITOR GENERAL, THE COUNTY OF MIDLAND AND THE COUNTY OF MECOSTA.

*Joint Resolution 35 of 1877—Adjustment between counties of claims to taxes—Costs.*

Where the Auditor General has made changes in the debits and credits on his books as between certain counties, a legislative joint resolution ordering them restored to their former condition, but leaving the respective rights of the counties open to subsequent settlement, is not objectionable as an assumption of judicial authority.

Where a county is organized from territory detached from others, the equities between the new and old counties as to county taxes levied before the organization should be adjusted under Comp. L., ch. 9, p. 226. But township, school-district and road-district taxes should be accounted for by the county to which the returns were made and with the respective townships and districts for which they were levied.

Costs are not awarded where the case is of a public nature and has arisen from ambiguous legislation.

Appeal from Ingham. Submitted June 4 and 5. Decided June 17.

INJUNCTION. The bill alleges that before the organization of the complainant county which was effected by act 345 of 1871, portions of its territory belonged to the counties of Midland and Mecosta, and that since its organization these counties claim that it is indebted to them in large sums which joint resolution No. 35 of 1877 directed the Auditor General to charge against Clare county and to credit to the others in the amount of $8,185.32 to Midland and $5,386.99 to Mecosta. The joint resolution is as follows:

JOINT RESOLUTION requiring the Auditor General of the State to credit to the counties of Midland and Mecosta all moneys charged by said Auditor General to said counties of Midland and Mecosta, on account of the detaching of the unorganized county of Clare.

WHEREAS, At a session of the Legislature in the year eighteen hundred and seventy-one, the east half of the unorganized county of Clare was detached from the county of Midland and the west half of said unorganized county of Clare was detached from the county of Mecosta, and the said unorganized territory of Clare was organized as the county of Clare;

AND WHEREAS, The Auditor General did deduct from the credit of Midland county and credit to the county of Clare eight thousand one hundred and eighty-five and thirty-two one-hundredths dollars, and did deduct from the credit of Mecosta county and credit to Clare county the sum of five thousand three hundred and eighty-six and ninety-nine one-hundredths dollars, making a total credit of thirteen thousand five hundred and seventy-two and thirty-one one-hundredths dollars to the county of Clare; therefore

*Be it resolved by the Senate and House of Representatives,* That the Auditor General be and he is hereby required to credit to the county of Midland the sum of eight thousand one hundred and eighty-five and thirty-two one-hundredths dollars, and to credit to the county of Mecosta the sum of five thousand three hundred and eighty-six and ninety-nine one-hundredths dollars, deducted as aforesaid, and charge the same to the county of Clare: *Provided,* That this joint resolution shall not be construed to affect any settlement heretofore made, or which shall hereafter be made between the counties above named: "*Provided further,* That the said county of Clare shall not be required to repay the amount so charged back in less than four annual installments, commencing in the year 1877."

Approved May 22, 1877.

Complainant alleges that the foregoing resolution attempts to adjudicate on rights as between the counties, and is therefore unconstitutional, and an injunction is asked to restrain the Auditor General from making the charges and credits required by it, and from stating and settling the accounts of Midland and Mecosta accordingly; and from issuing to either of the defendant counties his warrant for the payment of money under such a settlement. The court below denied the injunction and complainant appeals.

*E. D. Wheaton* and *G. V. N. Lothrop* for complainant. Judicial powers do not belong to the Legislature

(Const., Art. III.) which is even forbidden to exercise the *quasi* judicial power of auditing and allowing private accounts, Const., Art. IV., § 31; *People v. Supervisors,* 16 Mich., 257; the distinction between legislative and judicial powers is pointed out in *F. & F. P. R. R. Co. v. Woodhull,* 25 Mich., 99; *Butler v. Supervisors,* 26 Mich., 22; *Shumway v. Bennett,* 29 Mich., 452; *Sutherland v. Governor,* 29 Mich., 320; the Legislature cannot deprive a man of his right to a day in court, *Stoeckle v. Ehlers,* 37 Mich., 263; the legal property rights of a county are on the same footing as those of a private person so far as ownership is concerned, Cooley's Const. Lim., 237; *State v. Halben,* 22 Wis., 660; *Trustees v. Tatman,* 13 Ill., 30.

Attorney General *Otto Kirchner* for the Auditor General, *James Van Kleeck* for Midland county, and *Champlin & More* for Mecosta county. When a county or town is divided, the part set off is, in the absence of statute, free from liability for old obligations, and has no right to the property or credits of the old municipality, *Hampshire v. Franklin,* 16 Mass., 76; *Saginaw v. School Dist.,* 9 Mich., 541; the complainant in this case could have an interest only in that portion of the credit representing the returned county tax, and its right to any part of this is statutory, Comp. L., §§ 452-6, 1127; *Thurston v. Prentis,* 1 Mich., 200; *Craig v. Butler,* 9 Mich., 21.

COOLEY, J. If the legislation which is complained of was an adjudication as between the respective counties, it is conceded it could not be supported. But it does not purport by its recitals to be an adjudication, nor do we think it is one in substance. What it undertakes to do is simply this: to direct the Auditor General to restore certain accounts between the State and the new and old counties to their condition as they were before he made certain charges and gave certain credits with a view to an adjustment of the rights of the respective

.counties according to the law as he then understood it. When the accounts were thus restored, the joint resolution expressly left the rights of the counties open to settlement between them. The resolution, therefore, no more settled rights than did the action of the Auditor General; it only indicated a rule for the keeping of accounts between the State and the counties.

We are not agreed whether the accounts as they now stand on the Auditor's books are or are not made up as they should be. This, however, is not so material as it is that the practice in the Auditor's office shall be uniform; and it is to be assumed that the accounts will hereafter be kept in the Auditor's office in accordance with the opinion of the Legislature as declared in this joint resolution. No injustice need result from this, and no considerable embarrassment in adjusting equities between counties, or between the old county on the one side and townships set off from it on the other.

As the accounts now stand in the office of the Auditor General, Midland and Mecosta counties have had the benefit of all the local taxes levied before the organization of Clare county in the townships within it formerly attached to those two counties respectively. So far as these taxes were county taxes, the equities of the old and new counties should be adjudged in the adjustment of all other matters under the provisions of chapter 9 of the Compiled Laws, p. 226. We think, however, that the taxes which were levied for township, school district and road district purposes should not be brought into the settlement between the two counties, but should be left to be accounted for by the county to which the returns were made, to and with the respective townships and other districts for which the taxes were levied. The statute is not specific in providing that the accounting shall be thus made, but such a course is strictly equitable, and can be carried out without confusion. It can also be carried out without infringing upon any provision of statute, or any course of practice heretofore settled

41 MICH.—24.

in respect to the collection and apportionment of the public revenue. If the county shall have already settled for the local taxes at the time the respective township treasurers made their returns, of course nothing further will be essential.

The decree will be affirmed, but as the case is one of a public nature and has arisen from ambiguous legislation, no costs will be awarded.

The other Justices concurred.