McAdam, J.
This is an application for a mandamus directing the commissioners of police to receive the certificate of nomination of the relator as the Republican nominee for congress in the Ninth congressional district, and print his name on the official ballot of the Republican party as such candidate. It seems that the police board, by a divided vote, declined to print the relator’s name upon the official ballot, on the ground that one Timothy J. Campbell claimed to have been nominated by the same convention for the same office, and the board was divided as to whether the name of Simpson or Campbell should go upon the ticket. This makes it necessary to examine the claims of the rival nominees. It appears that the convention for the Ninth congressional •district was required to, and did, meet on October 2, 1894, in the Lincoln Club rooms; that by a unanimous vote John J. Collins *398 was elected chairman, and Israel Ellis secretary; and that the convention was thereafter adjourned, subject to the call of the chair. The chairman directed the secretary to reassemble the convention on the evening of October 13,1894, at the same place, and to notify the delegates accordingly. Ellis, the secretary, did not notify them, but one Ralph Nathan, by the authority of Ellis, did so. When the convention met on October 13th, the meeting was called to order by the chairman, and, the secretary having declined to act, another person was substituted for him. The convention proceeded to nominations, and John Simpson, the relator, was the unanimous choice. A certificate was made out in the form prescribed by Laws 1890, chap. 262, § 3, and all the requirements thereof were observed. It appears that subsequently Ellis, the deposed secretary,-of his own volition, and without the sanction of the chairman, summoned the delegates of the convention to reassemble on October 16th, on which occasion a number of them attended, and Timothy J. Campbell was nominated by them for the same place for which Simpson had been previously nominated. It is not clear how many delegates attended the meeting which nominated Simpson, nor how many were present at that which nominated Campbell, and, so far as the papers disclose, the nomination of Simpson was in this regard as regular as that of his rival. But the controlling feature of the case is that Simpson was nominated first, and the power to nominate was exhausted ; and the further fact that, the meeting at which Campbell was named not having been called by the chair according to the adjournment, was unauthorized. Nominations are under-party control, and, if this district nomination of Simpson was for any reason irregular, the central body should have so declared it, and ordered a new nomination. The districts are but branches of the central organization, the county committee the controlling body, much as it is with grand and subordinate lodges. Party differences, like family or religious disputes, should be settled within the home organization, or by its dominating authority. The Republican organization, as a party, has taken no steps in this internal strife. It has not repudiated the nomination of Simpson, nor has it ordered a new election, or in any authoritative manner recognized the nomination of Campbell. Having made one nomination, the party could not, while that remained in force, make another. If it were otherwise, it might keep on until it had as many candidates as voters. No law should countenance such a course. Part of a convention cannot secede from a regular meeting of the nominating body, and make nominations on its own account, nominations must be act of the party, not of a clique. Matter of Redmond, 5 Misc. Rep. 369; 55 St. Rep. 150. As the party that nominated Mr. Simpson has not in any legal form declared its preference for Mr. Campbell, the court cannot do so, but must direct the police commissioners to place upon the official ballot of the Republican party the name of John Simpson as its candidate for congress from the Ninth congressional district; and a mandamus to that effect is directed accordingly
Mandamus granted.