24  269
25  404

[No. 3842.]

LE BERT, COUNTY CLERK, v. SHIRLEY ET AL.

ELECTION LAW—CERTIFICATES OF NOMINATION.

A petition or certificate of nomination of S. as a candidate for the office of district attorney, signed by the requisite number of electors, contained the names of eight persons to represent the signers to fill a vacancy, if any should occur. S. resigned the nomination on condition that R. should be substituted in his place. Afterwards and at a meeting of the committee, seven of the eight members accepted the resignation of S. and appointed R. to fill the vacancy. Thereupon the certificate of R.'s nomination and his acceptance was filed in the proper office. Subsequently five of the committeemen, without a meeting but acting separately and apart, attempted to undo the nomination of R. by the nomination of another person. *Held*, that the power of the committee was exhausted by the nomination of R. and his acceptance thereof.

*Review from the District Court of Arapahoe County.*

Mr. C. H. PIERCE and Mr. J. H. GABRIEL, for petitioner.

Mr. THOMAS WARD and Mr. THOMAS MITCHELL, for respondent.

PER CURIAM. This is an election controversy brought up for review from the district court of Arapahoe county.

The People's Party of said county held a convention for the nomination of a district attorney of the second judicial district, which embraces Arapahoe county only, and it resulted in the nomination of Henry T. Sale. The certificate of his nomination was tendered for filing to the county clerk, as the statute prescribes, but he refused to accept it for that purpose upon the ground that he had no official information that the People's Party at the last preceding election in the judicial district, cast ten per cent of the entire vote thereof, which is said to be, under section 3 of the election act of 1891, a condition precedent to the right of a political party to nominate candidates by convention. As no review of this act was had, and no rights by any of the parties to this controversy claimed directly under this convention, but only indirectly, the clerk's action is not material, one way or the other, except as forming a part of the history of the case.

After the clerk's decision, a petition, or certificate, in proper form was circulated among the electors of the People's Party and received thereto the number of signatures requisite for the nominating to the office in question of Henry T. Sale, which the convention of the party had theretofore ineffectually attempted to accomplish. This certificate, in accordance with the provisions of the statute, contained the names of eight persons to represent its signers to fill a vacancy, if any occurred.

Sale thereafter handed to them his resignation to take effect only in case Amos J. Rising was substituted in his stead. Whether such a condition might, as a matter of right, be imposed, we need not determine, for seven out of the eight so authorized to act, at a meeting where all were present, accepted Sale's resignation, and appointed Rising to the vacancy. The proper certificate evidencing such act of substitution was executed and verified, in accordance with the statute, and delivered to one of these eight persons, as the representative of Rising, for filing with the county clerk, and was thereafter so filed, accompanied by Rising's acceptance, and all within the time fixed by statute.

After Rising's nomination as aforesaid, five of the eight authorized persons, without any meeting, but separately and apart, attempted to undo their previous concerted action in nominating Rising, by signing another and new certificate in which they recited the resignation of Sale, and nominated Henry W. Spangler to fill the vacancy thus occasioned. This certificate, as to form, complied with the statute, and was filed, together with Spangler's acceptance, before Rising's certificate was lodged with the clerk.

It is to be observed that the party, at a convention in all respects regular, in good faith attempted to make a nomination for district attorney, and did actually nominate Mr. Sale, which nomination became practically ineffectual, on account of the refusal of the clerk to file the certificate. It appears, also, that the certificate, or petition, of the electors, containing the nomination of Mr. Sale confessedly attempted to carry out the wish of the party, as expressed by its convention, by making him the nominee of the People's Party and appropriating its emblem, and named as the committee to fill vacancies members of the executive committee of the party. Both the parties to the pending controversy, by basing their claims to regularity upon the same certificate, viz : the certificate of electors nominating Sale, virtually concede that whoever is his legitimate successor is entitled to a place upon the official ballot, as the nominee under the party name and emblem. The case, moreover, seems to fall within the exception presenting "unusual conditions" which, contrary to the general rule, authorizes electors by petition or certificate to make their nominees the nominees of an organized political party. See authorities cited in *Whipple v. Owen et al., post*, p. 319. But this we do not decide, for the parties here by their conduct, as aforesaid, are estopped to assert the contrary.

The sole question is, who is the proper nominee of the party? The bare statement of facts shows Rising's superior right. When a convention nominates a ticket and adjourns, it may not thereafter (unless it gets additional authority

from the party) reconvene and nominate another ticket in place of the former, so long as the same is in force. *People v. Board of Police Commrs.*, 31 N. Y. Supp. 112. At this term this court in the case of *Leighton v. Bates, post*, p. 303, following the New York decision, has held that, in such circumstances, the convention may not delegate to a committee the power to nominate another and different ticket from that nominated by the convention itself.

The signers to Rising's certificate of nomination stand towards his nomination in the same relation that a convention does towards its ticket. If the latter may not make a new ticket, neither may these signers; and if the latter have not such power, it necessarily follows that their agents named in the certificate have not. As was said by the supreme court of New York in the case above cited: "But the controlling feature of the case is that Simpson was nominated first, and the power to nominate was exhausted. * * * Having made one nomination, the party could not, while that remained in force, make another. If it were otherwise, it might keep on until it had as many candidates as voters. No law should countenance such a course."

It follows that the judgment of the district court should be reversed, and it is so ordered. A proper order will be entered here directing the county clerk to print on the official ballot the name of Amos J. Rising as the nominee of the People's Party for district attorney under the appropriate party name and emblem; the costs to be taxed to the respondents here.

*Reversed.*

Chief Justice Hayt not sitting.