[No. 3965.]

SCHAFER v. WHIPPLE, SECRETARY OF STATE.

ELECTIONS—NOMINATIONS BY CERTIFICATE—EMBLEMS.
Under the Colorado election laws where the voters make nominations for office by petition as therein specified, they are entitled to designate such list of nominees by an appropriate emblem, and to have the list of nominations, together with the political name and emblem adopted, printed on the official ballot the same as nominations made by political conventions.

*Upon Review from the District Court of Arapahoe County.*

Mr. JOHN HIPP and Mr. GRANT L. HUDSON, for petitioner.

Mr. CALVIN E. REED, assistant attorney general, *amicus curiae.*

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The district court of Arapahoe county, affirming a ruling

of the secretary of state, held that the list of nominees for state offices of the Socialist Labor party, represented by the petitioner, was not entitled to be designated by a party emblem or device, because the nominations were not made by a political party, or nominating committee, but by a petition of qualified electors.     There is no dispute as to the facts in this proceeding, and the only question is one of law, viz : may a set of nominees, made by a petition of electors, be designated by an emblem ?

That the present discussion may be intelligible to one not familiar with our somewhat incongruous Australian ballot act, it is well to premise by saying that section 18, as now in force, after providing that every ballot shall contain the names of all candidates whose nominations have been duly made and accepted, and how the names shall be arranged thereon, thus continues : " It shall be lawful to designate the political party or nominating committee by which each list of candidates is nominated, by an appropriate emblem or design, such as a flag, eagle, rooster or other device, as may be set forth in the certificate of nomination."     Sess. Laws of 1894, p. 62 ; 3 Mills' Ann. Stats. sec. 1625 r.

That a list of nominees made by a convention representing a political party of the kind designated in section 3 may be, and is, entitled to the use of the party name and emblem, is conceded ; but the contention here is, as the right to an emblem is purely statutory, unless the statute clearly gives it, it does not exist at all.

Counsel do not altogether agree upon the purpose of the legislature in permitting a voter to place a cross mark in the square following the party name and emblem.     By one side, it is said that the object was to furnish to the illiterate voters of the state a simple and effectual method of casting their ballots for a list of nominees, the names of whom they would be unable to read or select from a complicated ballot; while, upon the other hand, it is said that the sole object is to enable all voters, whether illiterate or educated, to vote a straight ticket.

Vol. xxv—26

Whatever the purpose of the legislature may have been, we are satisfied that this method of voting was intended for all electors who desire to vote a straight ticket, whether that ticket is nominated by a convention of a political party, or of its nominating committee, or, as provided by section 6, by a certificate of nomination signed by qualified electors.

Under section 18, as originally adopted in 1891, it is conceded that it may have been permissible for persons making nominations by petition to claim an emblem, but under the section as amended in 1894, it is contended that the right or privilege is taken away.    The language of the original section as to the point under consideration is as follows: "Each set of nominations shall be arranged in a list running lengthwise of the ballot, with the appropriate designation of the political party, committee *or persons* making such nominations as set forth in the certificate thereof; and it shall be lawful to designate each or any set of nominations in the certificate thereof, and upon the ballots, by an appropriate emblem or design." Sess. Laws, 1891, p. 151, sec. 18.

It is said that the presence of the words "or persons," italicized above, conferred upon nominees selected by petition the right to the use of an emblem.    The language of the section, as amended in 1894, has already been given.

We appreciate the force of the argument concerning the significance of the omission of the italicized words, and the change of language in other particulars, and were there no other statutory provisions bearing upon the question before us, we would be inclined to adopt the views of respondent. Under section 18, as it now stands, no question is raised as to the right of some sort of a political party to the use of an emblem.    But, say counsel for respondent, under section 3 of the act the right is further limited to the class therein designated.    Section 3 is as follows:

"Any convention of delegates of a political party which presented candidates at the last preceding election held for the purpose of making nominations to public office, and also voters to the number hereinafter specified, may nominate can-

didates for public offices to be filled by election within this state. A convention within the meaning of this act is an organized assemblage of voters or delegates representing a political party, which at the last election before the holding of such convention polled at least ten per centum of the entire vote cast in the state, county or other political division or district for which the nomination may be made. A committee appointed by any such convention may also make nominations to public office when authorized to do so by resolution. duly passed by the convention at which such committee was appointed." Sess. Laws, 1891, p. 143; 3 Mills' Ann. Stats. sec. 1625 c.

The construction respondent puts upon section 18, as already stated, is that the right to an emblem is limited to some classes of political parties and their nominating committees; while section 3 further restricts the right, as they say, to political parties or nominating committees of the specified rank.

This construction is not only too narrow, but it is not even technically correct. The statute does not purport to give a definition of a political party. In the Century dictionary a political party is thus defined: "A company or number of persons ranged on one side, or united in opinion or design, in opposition to others in the community; those who favor or are united to promote certain views or opinions;" and the definition in Webster's dictionary is substantially the same. In this state there is no statute that in any way qualifies this definition, and a political party here, as elsewhere generally, is a voluntary association of voters who are desirous of promoting a common political end, or carrying out a certain line of public policy. The association may be formed not merely by a convention, but in other ways; and when electors to the number named in section 6 of the statute come together and agree upon a certain policy, and make a certain list of nominees, and select a party name and emblem, they may file with the proper officer the certificate evidencing their acts; and while the mere filing of the cer-

tificate or petition may not create a political party, it is, nevertheless, the evidence of its previous formation; and the result of the acts of the association of electors culminating in a list of nominees gives to the organization, with respect to its nominees, the same rights on the official ballot that are acquired by the nominees of a previously existing political party that makes its nominations by convention or a nominating committee.

It is to be observed that section 18 does not attempt to restrict the right of selecting an emblem to any particular kind, or class, of political parties, nor does section 3 declare that a political party of the rank therein designated is the only kind of a political party recognized by the statute. The latter merely limits to the specified kind of political parties the right to nominate by a convention or nominating committee; while section 6 gives to voters the right to make nominations otherwise than by convention when a sufficient number of them conform to its provisions, which, in this case, was done; and in such a case, viz: when nominations have been made and the certificate thereof executed and acknowledged in accordance with the method commonly known in this state as that of petition, the section declares that it is attended with the same incidents and has the same effect as if the nomination had been made by a convention or nominating committee.

In *Kratzer v. Allen*, 10 Colo. App. 492 (50 Pac. Rep. 209), while the point was not mooted, yet the court of appeals assumed that the right to select an emblem by petition existed; and in *LeBert v. Shirley*, 24 Colo. 269, while the question was not raised, this court rendered a judgment in favor of petitioners who had selected a party name and emblem. Considering, therefore, that under the Australian ballot act the right to an emblem is to furnish voters desirous of casting their ballots for a straight ticket an easy and expeditious method of doing so by placing a cross mark in the appropriate square following the party name and emblem, and that such right is clearly conferred upon voters belong-

ing to a political party who may lawfully nominate candidates
for office by a convention or nominating committee, and that
the act expressly purports to give to a list of nominees made
by petition the same effect as if nominated by a convention
of a political party, or its nominating committee, we are of
opinion that a list of nominees made by petition may be desig-
nated by an emblem.    This result follows upon either of two
grounds : *first*, that a political party may be formed by the
acts of electors who comply with section 6, so that the nomi-
nees by petition are, in fact, those of a political party; or,
*second*, that the same rights and privileges belong to a list of
nominees made by petition as to a list made by a convention
of a previously existing political party, of the specified grade.
To hold otherwise would be to discriminate between voters
of different political parties, and if we should deny the right
in a case like this, it would be impossible to form a new
political party after the act took effect, and in effect would
be a holding that no political party in the sense of the stat-
ute exists in this state at the present time, except the Republi-
can party and possibly the People's party.    It is pertinent to
observe that very generally throughout the state this right
which we have declared to exist has been recognized, and
the officials generally with whom certificates of nomination
are to be filed have so held.    This construction, of course,
is not controlling with the courts, but as it must have been
known to the general assembly, and the latter has not changed
the law in this respect, we refer to it in connection with the
argument of counsel that the court should so interpret the
law as to simplify the official ballot.

We appreciate the argument that the construction of the
statute we now give may, and possibly will, add to the size
of the official ballot, stimulate the filing of numerous nomina-
tions for improper purposes, and greatly increase the cost to
the taxpayers; but these considerations are for the general
assembly, and not for the courts.    We must declare the law
as we find it, and leave to the legislative department, where
it belongs, the question of amending or changing the law.

The judgment of the district court not being in harmony with the views above expressed is therefore reversed, and the cause remanded with instructions to the district court to direct the secretary of state to certify to the proper officers the emblem selected to be placed upon the official ballot, as the law provides.

*Reversed.*