# SUPREME COURT

OF THE

## STATE OF COLORADO.

---

### JANUARY TERM, 1899.

---

[No. 3969.]

WITTER v. WHIPPLE, SECRETARY OF STATE.

[No. 3965.]

SCHAFER v. WHIPPLE, SECRETARY OF STATE.

1. ELECTIONS—RIGHT TO USE OF EMBLEM—COSTS.

Costs in a case are only taxable by authority of statute. No costs can be taxed in the lower court against the secretary of state in a proceeding to require him to publish a list of nominees on the official ballot, and to designate the nominees by an emblem chosen.

2. SAME—COSTS IN SUPREME COURT.

In an action against the secretary of state to require him to designate a list of nominees on the official ballot by an emblem, where the secretary of state acted in good faith and under the advice of counsel in his refusal, he should not be taxed with the cost of the proceeding in the supreme court.

*Motion to Retax Costs.*

The Attorney General and CALVIN E. REED, for the motion.

CHAS. G. CLEMENT, JOHN HIPP and GRANT L. HUDSON, contra.

MR. JUSTICE GODDARD delivered the opinion of the court.

These cases involved the right to designate the list of nominees made by petition, by a party emblem or device. The controversies arose, as will be seen by reference to the opinions filed, 25 Colo. 400 and 406, over the refusal of respondent, as secretary of state, to permit the filing of such certificate. From a judgment of the district court affirming his ruling, the cases were brought here on review, and the judgment reversed. Upon the entry of judgment in conformity with our opinion, a remittitur was issued, directing the district court to tax the costs of the proceedings against the respondent. This is a motion to recall the remittitur and retax the costs, upon the ground that costs are not taxable in a proceeding of this kind, especially against respondent, who was acting in his official capacity in making the ruling complained of. We think this should be done. We have no statute providing for the recovery of costs in a proceeding of this kind. Costs being the creature of the statute, and recoverable only by virtue of the provisions of the statute allowing them, it is manifest that for this reason alone, the motion must prevail, so far as the allowance of costs incurred in the court below is concerned. While, under Rule 30, costs incurred in this court might be recoverable in other cases, yet, since the respondent in making the ruling complained of, acted in good faith, under the advice of the attorney general and in conformity with the judgment of the district court of Arapahoe county in a former case, and in the discharge of a duty imposed upon him by law, he ought not to be taxable with such costs. In such case costs are rarely, if ever, taxed against a public officer. 5 Ency. of Plead. & Practice, p. 152; *County of Clare v. Auditor General*, 41 Mich. 182; *Cassady v. Trustees of Schools*, 94 Ill. 589; *Attorney General v. Ill. Agr. Col.*, 85 Ill. 516.

For the foregoing reasons the motion will be sustained, the remittitur recalled, and the judgment for costs against respondent vacated and set aside; and it is so ordered.