## No. 10,790.

DIETEMANN, EXECUTRIX v. PEOPLE, ex rel. BLACKMAN.

Decided October 5, 1925.

*On motion to tax costs.*

### *Motion Denied.*

1. COSTS—*State.* The state, when it is a litigant in its own courts, is not liable for costs if unsuccessful, unless there is a statute or rule of court so providing.

2. *Supreme Court Rule 56—Construction.* Supreme Court 56 does not authorize the recovery of costs against the state.

3. *Taxable Against State.* The court does not hold in this case that it might not, under the authority of Code section 444, charge costs against the state when it is an unsuccessful litigant in the Supreme Court.

Mr. JOHN W. HELBIG, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. J. C. VIVIAN, Assistant, for defendant in error.

*En banc.*

PER CURIAM.

IN this statutory proceeding, which was initiated in the county court and thence passed to the district court,

to collect of the defendant Mrs. Dietemann, as executrix of the estate of her deceased husband, an assessed inheritance tax which she refused to pay, the people had judgment in the district court. Upon review in this court this judgment was reversed with instructions to the district court to set it aside and in lieu thereof to render and certify a judgment to the county court directing the latter to dismiss the proceeding. *Dietemann v. People, ex rel.,* 76 Colo. 378, 232 Pac. 676. There was no express direction as to the recovery of costs. Rule 51 of this court provides that unless otherwise ordered the successful party in proceedings not original shall recover his costs in the Supreme Court. In the absence of an order by this court as to costs of the review here and as the clerk declined to assume responsibility of taxing costs against the state without a specific court order therefor, Mrs. Dietemann, the successful party, filed this motion to tax against the state the costs incurred in this court.

In *Schafer v. Whipple,* 26 Colo. 1, 55 Pac. 1081, it was said that costs are rarely, if ever, taxed against a public officer. This doctrine was followed in *People, ex rel. Fulton v. O'Ryan,* 71 Colo. 250, 205 Pac. 949. If this statement is correct, and we think it is, a fortiori costs should not be charged against a sovereign state unless the proper authority so directs. This is unquestionably the general rule. Where public officers have in litigation acted with gross negligence or in bad faith or with malice, in some jurisdictions costs have been taxed against them. There is no claim here that the state instituted this proceeding in bad faith, but if its commissioner did we are not prepared to say that in the absence of some statute or authorized rule of court expressly so providing, costs may be taxed against the state in actions or proceedings in its own courts where it is unsuccessful. There is no statute in this state which expressly or impliedly authorizes taxing of costs against the state when it is suing or defending in its own courts. In the inheritance tax statute under which this proceeding was initiated, we find in section 7496

C. L. 1921, this language: "Neither costs nor bonds shall in any case be required from the representatives of, or charged against the state of Colorado." The statute law in this state, therefore, being that neither bonds nor costs in inheritance tax proceedings shall be required of or charged against the state, it would seem clear in this jurisdiction that the state, though an unsuccessful party in litigation thereunder, may not be mulcted in costs unless some higher authority otherwise orders. But it is said that this provision relates to costs in the trial courts only, and not to costs in the Supreme Court, and that rule 51, not containing any exception as to the parties to the litigation, but providing that unless otherwise ordered the successful party shall recover his costs, this rule of court supersedes the statutory provision and makes the state liable the same as an individual litigant. In none of the briefs has our attention been called to section 444 of our Code of Civil Procedure.. This section was enacted by our General Assembly in 1913, S. L. 1913, p. 447, sec. 1. It reads: "The Supreme Court shall prescribe rules of practice and procedure in all courts of record and may change or rescind the same. Such rules shall supersede any statute in conflict therewith. Inferior courts of record may adopt rules not in conflict with such rules or with statute." It may be that if power to prescribe rules of practice and procedure is broad enough to include a rule such as our rule 51, as to which we express no opinion, this Court would have power to charge costs against the state notwithstanding the inheritance tax statute expressly declares that costs shall not in any case be charged against it in proceedings thereunder. And this because the section of the Code above quoted says that such rules of practice and procedure shall supersede any statute in conflict therewith. The general rule of substantive law, as we think, being that a sovereign state when it is a litigant in its own courts is not liable for costs if unsuccessful, unless there is a statute or a rule of court expressly so providing, we are not disposed to hold

that our rule 51 was intended to apply, or that it does apply, to the state as a party, or that it supersedes the section of the inheritance tax law above cited. When rule 51 was adopted we were aware of the existence of the previously enacted inheritance tax statute, and when by rule we provided that, unless otherwise ordered, the successful party in the Supreme Court shall recover his costs incurred in this court, we did not intend that recovery should be had against the sovereign state but only from parties litigant against whom court costs are taxable by some express provision of statute or rule. We must not be understood as holding that this court might not, under the authority of section 444 of the Code of Civil Procedure, by express provision charge costs against the state when it is an unsuccessful litigant in this tribunal. We go no further now than to say that it was not our intention in adopting rule 51 to make the state liable for costs when it is an unsuccessful party litigant. Motion denied.