## No. 14,108.

STATE OF COLORADO *v.* LA PLATA RIVER AND CHERRY CREEK DITCH COMPANY ET AL.
(73 P. [2d] 997)

Decided November 15, 1937.

Mr. Byron G. Rogers, Attorney General, Mr. Shrader P. Howell, Assistant, for plaintiff in error. Mr. Ralph L. Carr, Mr. Jean S. Breitenstein, of counsel.

Messrs. McCloskey & Beise, Mr. John G. Reid, for defendants in error.

*En Banc.*

Mr. Chief Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as the state and defendants in error as the ditch company and the water officials respectively. Originally the ditch company was the only plaintiff and the water officials the only defendants. The question now before us is the right of the state to intervene (after the cause had been brought here on writ of error, decided and remanded) under authority of a statute passed after the remittitur issued.

The complaint was filed in 1928 and the judgment was reversed here in 1933. *La Plata Co. v. Hinderlider,* 93 Colo. 128, 25 P. (2d) 187. Thereupon the water officials appealed to the Supreme Court of the United States, which appeal was dismissed in March, 1934. Before the cause was again called in the district court of La Plata county the Legislature passed an act authorizing the state to become a party to such litigation. '35 C. S. A., c. 153, §§33-36 (S. L. '35, p. 589, c. 140). The cause was again heard in the district court, judgment entered May 12, 1936, for the ditch company, error prosecuted, and that judgment affirmed here. *Hinderlider v. La Plata Co.,* 101 Colo. 73, 70 P. (2d) 849. Both opinions should be read in connection with this.

In October of 1935 the state, represented by the Attorney General and thereto directed by the Governor, all in accordance with the statute above cited, filed its petition in intervention, which the company moved to strike. That motion was sustained, and to review the judgment thereupon entered against it the state prosecutes this writ. The cause was at issue here June 24, 1937.

The pertinent portions of said statute read:

"33. The governor may in his discretion direct the attorney general to intervene, and the attorney general, when so directed by the governor, shall intervene in the name of and on behalf of the state of Colorado in any litigation in courts of this state or of the United States which is now pending, or which may hereafter be brought, and which involves the construction, validity or constitutionality, either directly or indirectly, of any compact which the state of Colorado has entered into, or may hereafter enter into, with any other state or states of the Union.

"34. The governor is expressly authorized and empowered to give in his discretion the consent of the state to be sued in such litigation of the character herein mentioned as necessitates the intervention by the state as party defendant, provided that no money judgment,

either for damages or costs, shall ever be entered against the state of Colorado in such litigation."

■ The first assignment is that the court erred in sustaining the motion to strike the petition in intervention. Various reasons are stated and argued against this assignment and in support of it. We elect not to notice these because a paramount and controlling consideration compelled the order, i. e., the statute purporting to authorize the intervention contravenes article III, and section 1 of article VI of the state Constitution. The first of these divides the powers of government into executive, legislative and judicial, and forbids either to "exercise any power properly belonging to either of the others"; and the second vests the judicial power in the courts. When one becomes a party litigant the question of his adversary's right to a judgment for damages against him is purely a judicial question. The statute in question seeks to determine it as a legislative question and forbids the courts to give damages against the state. If the Legislature can so limit judicial action it can go further and direct what judgment shall be entered in such cases. Since this limitation appears in the proviso the entire act is tied to it and falls with it. Hence the Governor and the Attorney General were without authority herein to make the state a party by intervention.

■ We have not overlooked the general rule concerning the right of the sovereign to attach certain limitations to its consent to be sued. It may specify the courts in which action may be brought, the officers who shall represent it, the procedure to be followed, and the method of satisfaction of judgments. But once it is in, the rights and remedies of the parties are judicial questions, controlled solely by the tribunal thus given jurisdiction.

■■ The provision of the statute relieving the state from liability for costs was superfluous. That is ancient law to which, in the absence of any statute, there are no exceptions. It has been expressly reaffirmed in this juris-

diction. *Dietemann v. People,* 78 Colo. 92, 239 Pac. 1020. But as to damages a different rule applies. When a state voluntarily becomes a party to litigation it remains such to the full extent required for its complete determination. *Clark v. Barnard,* 108 U. S. 436, 448, 2 Sup. Ct. 878, 27 L. Ed. 780.

█ "When a state invokes the judgment of a court for any purpose, it lays its sovereignty aside and consents to be bound by the decision, whether such decision be favorable or adverse." *State ex rel. v. Kennedy,* 60 Neb. 300, 305, 83 N. W. 87. That rule has been extended, very properly it seems to us, to cover interest against the state, though no statute expressly so authorizing existed. *Chicago, St. P., M. & O. Ry. Co. v. Mundt,* 56 S. D. 530, 229 N. W. 394.

The judgment is accordingly affirmed.

Mr. Justice Bouck and Mr. Justice Young dissent. Mr. Justice Bakke not participating.