## HIGGINBOTHAM *v.* CITY OF BATON ROUGE.

No. 462. Argued March 3, 1939.—Decided April 17, 1939.

*Mr. Paul G. Borron,* with whom *Messrs. Edward Rightor* and *E. R. Schowalter* were on the brief, for appellant.

*Messrs. Fred G. Benton* and *H. Payne Breazeale* were on a brief for the appellee.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The City of Baton Rouge, in March, 1935, pursuant to Act No. 1 of the First Extraordinary Session of 1935 of the legislature of Louisiana, adopted an ordinance declar-

ing that the City was without authority to retain appellant, Powers Higginbotham, as Superintendent of Public Parks and Streets, and that his employment in that capacity was terminated. Contending that he had been employed for a term continuing until November, 1936, and that the legislation abovementioned constituted an impairment of the obligation of his contract in violation of § 10 of Article I of the Constitution of the United States, appellant brought this suit to recover the balance of his salary for the stated term. The Supreme Court of the State affirmed the judgment dismissing his complaint. 190 La. 821; 183 So. 168.

The pertinent legislation with respect to the municipal position in question is comprehensively reviewed in the opinion of the state court. It appears that the City of Baton Rouge has a commission form of government adopted in 1914 under the provisions of Act No. 207 of 1912. The authority of the Commission Council is divided among three departments, viz. (1) the Department of Public Health and Safety, (2) the Department of Finance, and (3) the Department of Public Parks and Streets. It was provided that a Commissioner should be elected for each department, the Mayor being *ex officio* Commissioner of Public Health and Safety. In 1921 the terms of office of the members of the Commission Council were fixed at four years, the election to be had in April. Appellant was elected Commissioner of the Department of Public Parks and Streets in April, 1931, for a term which was to expire in May, 1935. But in 1934 the date for the election of officers was postponed to November, 1936, and appellant's term of office was extended accordingly. Later, by Act No. 13 of the Third Extraordinary Session of 1934, the legislature abolished the office of Commissioner of Public Parks and Streets and transferred its functions to the Mayor. There was also created a Department of State Coordination and Public Welfare

and provision was made for the election of a Commissioner of that Department. This was followed by a proviso that the person then filling the office of Commissioner of the Department of Public Parks and Streets should be entitled to enter the employ of the City, at a salary equal to that theretofore allowed to the Commissioner, "in the work under the said Mayor and said person shall have the right to continue in said service during good behavior until the next general election of officers in said municipality." Appellant was the person thus described, and accordingly, in January, 1935, the Commission Council adopted an ordinance reciting the statutory provisions and providing for the employment of appellant as Superintendent of Public Parks and Streets, under the Mayor, "at the same salary now provided for the Commissioner of Public Parks and Streets, his employment to continue during good behavior and until the next general election for municipal officers." Appellant accepted the employment and entered upon the discharge of his duties; as to the faithful performance of which no question is raised.

The state court held that the position in question was "in the nature of a public office" with governmental functions and that the legislative action in abolishing it did not contravene the constitutional provision as to impairment of contracts. The court referred to the provision of the Act of 1912 abovementioned that "all the powers and authority" conferred upon the City by its charter, not inconsistent with the provisions of the Act, were declared to be "reserved to the City unimpaired" to be exercised by the Mayor and Commission Council. Further, that by the charter of the City (§ 7 of Act No. 169 of 1898) it was provided "that the 'employees' of the City are removable as thereinafter specified" and that by a subsequent provision (§ 52 as amended by Act No. 249 of 1914) it was declared that "all officers elected by the

Council shall be removable by the Council at pleasure." Again, that by the Act of 1912 it was declared that "any official or assistant elected or appointed by the Commission Council may be removed from office at any time by a vote of the majority of the members of the Council," except as therein otherwise provided, and that there was no exception elsewhere that might be applicable to the present case. The court said that the general rule that a municipal council "may remove at any time any official appointed or elected by the council, or anyone employed by the council to perform governmental functions," had been recognized in its former decisions, which were cited. 183 So. at p. 172.

In this view the state court was of the opinion that the case was not controlled by *Hall* v. *Wisconsin*, 103 U. S. 5, upon which appellant relies,—a case of a contract with a State for the performance of specific services of a scientific character under a statute providing for "a geological, mineralogical and agricultural survey"—a contract which was held to be within the constitutional protection, and rather that the case was governed by the general doctrine reaffirmed in *Newton* v. *Commissioners*, 100 U. S. 548, 557. While the particular question was not involved in that case, the court stated the familiar principle that "the legislative power of a State, except so far as restrained by its own constitution, is at all times absolute with respect to all offices within its reach. It may at pleasure create or abolish them, or modify their duties. It may also shorten or lengthen the term of service." *Id.*, p. 559. See, also, *Butler* v. *Pennsylvania*, 10 How. 402; *Crenshaw* v. *United States*, 134 U. S. 99, 106; *Phelps* v. *Board of Education*, 300 U. S. 319, 322; *Dodge* v. *Board of Education*, 302 U. S. 74, 78, 79.

While this Court in applying the contract clause of the Constitution must reach an independent judgment as to the existence and nature of the alleged contract (*Larson* v.

*South Dakota,* 278 U. S. 429, 433; *United States Mortgage Co.* v. *Matthews,* 293 U. S. 232, 236), we attach great weight to the views of the highest court of the State. *Coombes* v. *Getz,* 285 U. S. 434, 441; *Phelps* v. *Board of Education, supra; Dodge* v. *Board of Education, supra.* In this instance we find no reason for disagreeing with the conclusion reached by the Supreme Court of Louisiana. The Act providing for appellant's "employment" did not change the nature of the duties which he had been performing as Commissioner. Instead of acting as Commissioner he rendered the same service as Superintendent of Public Parks and Streets under the control of the Mayor. His duties still distinctly pertained to the performance of the ordinary governmental functions of the City in the supervision of its streets and parks and his position as Superintendent both with respect to duties and tenure may properly be regarded as subject to the control of the legislature and of the Commission Council acting under its authority.

The judgment is

*Affirmed.*