MAY E. FRANCIS, appellant, v. IOWA EMPLOYMENT SECURITY COMMISSION et al., appellees.

No. 49790.

(Reported in 98 N.W.2d 733)

OCTOBER 20, 1959.

Buckmaster & Lindeman, of Waterloo, for appellant.

Norman A. Erbe, Attorney General, Leonard C. Abels, Assistant Attorney General, and Don G. Allen, all of Des Moines, for appellees.

THOMPSON, J.—This appeal raises the question of a distinction between the terms "public officer" or "one acting in an official capacity" on the one hand, and "employee" on the other. The plaintiff, who was the petitioner for a writ of certiorari in the trial court, alleging that the Iowa Employment Security Commission had acted illegally in denying her benefits under Code section 294.15, contends that her term of service in or in connection with the schools of Iowa is sufficient to meet the requirements of the statute. We set out the material part of section 294.15 herewith:

"294.15 State teachers' pension. Any person having attained the age of sixty-five who shall have been an employee, holding a valid teaching certificate, in the public schools of this state with a record of service of twenty-five years or more, including a maximum of five years out-of-state service followed by at least ten years service in this state prior to retirement and who shall have retired prior to July 4, 1953, shall be entitled to receive retirement allowance payments from the state of Iowa of not less than seventy-five dollars per month. * * *."

Plaintiff had retired prior to July 4, 1953, the effective date of the Act, and she meets the age and teacher's certificate requirements. The controversy turns upon whether she had been an "employee" with a record of service of twenty-five years or more. The case was tried upon an agreed stipulation of facts, from which it appears that Miss Francis has actually taught in the public schools of Iowa for fifteen and one-half years, with another two years as superintendent of schools in a small town where her duties may have included teaching. She had been County Superintendent of Schools in Bremer County for four years, had served two years as Inspector of Rural Schools for the State Department of Public Instruction, and four years as State Superintendent of Public Instruction. The decisive question is whether these latter described years, or sufficient of them to total twenty-five years when added to the fifteen and one-half years of actual teaching, can be counted. Was she an "employee" in the public schools of the state while she was acting as County Superintendent, or Inspector of Rural Schools, or State Superintendent of Public Instruction, or Superintendent of Schools in Denver, Iowa, within the meaning of the statute above set

out? It is evident that the exclusion of as much as four years of the time spent as county or state or town superintendent or state inspector will be fatal to her claim; she cannot reach the total of twenty-five years without adding up the time spent in actual teaching—fifteen and one-half years—and at least ten of the twelve years spent in the service of Bremer County, and the Town of Denver, and of the state of Iowa in the Department of Public Instruction. The trial court held that she could not count sufficient of these years to comply with the statute, and we are constrained to agree.

I. The general rule is that there is a clear distinction between a "public officer" and an "employee." In McKinley v. Clarke County, 228 Iowa 1185, 1189, 1190, 293 N.W. 449, 451, we held that a county engineer is a public officer rather than an employee, citing and discussing the principles laid down in State v. Spaulding, 102 Iowa 639, 72 N.W. 288. We said: "* * * a position created by direct act of the legislature, or by a board of commissions duly authorized so to do, in a proper case, by the legislature, is a public office; that to constitute one a public officer his duties must either be prescribed by the Constitution or the statutes, or necessarily inhere in and pertain to the administration of the office itself; that the duties of the position must embrace the exercise of public powers or trusts; that is there must be a delegation to the individual of some of the sovereign functions of Government, to be exercised by him for the benefit of the public; and that among other requirements the following are usually, though not necessarily, attached to a public office: a. an oath of office; b. salary or fees; c. a fixed term of duration or continuance."

The Spaulding case, supra, is a leading case on the question under examination. In Hutton v. State, 235 Iowa 52, 16 N.W.2d 18, we held that the state conservation director is a public officer rather than an employee so that upon his death from an accident arising out of and in the course of his employment workmen's compensation could not be collected. The elements necessary to make a public employment a public office are discussed, pages 54, 55 of 235 Iowa, page 19 of 16 N.W.2d.

In Jaeger Manufacturing Co. v. Maryland Casualty Co., 231 Iowa 151, 157, 300 N.W. 680, 683, we quoted with approval

from State ex rel. Newman v. Skinner, 128 Ohio St. 325, 191 N.E. 127, 93 A. L. R. 331: " 'A public officer, as distinguished from an employee, must be invested by law with a portion of the sovereignty of the state and authorized to exercise functions either of an executive, legislative or judicial character.' "

■ The authorities are numerous, and all hold to substantially the same rule of law. The difficulty, as so often happens, lies in its application. However, in the case before us it seems clear that while Miss Francis was acting as County Superintendent of Schools and as State Superintendent of Public Instruction she was a public officer rather than an employee. Each of these positions was created by statute, with duties prescribed by statute or which perforce inhered in the administration of the office itself. The individual holding the office was delegated some of the sovereign functions of Government, which he, or she, would perform without control of a superior officer. The office in each case had a fixed term; while the petitioner was holding them, each office was elective and was for a set term. An oath of office was required, and a bond was provided for. See sections 515, 1063(7), 1065, 3830, 3831, 3832, 3895, 4184, and 4302 of the Code of 1924; section 2277 of the Code of 1919; sections 2063, 2064, and 2065 of the Revision of 1860; sections 1072, 2818, and 2831 of the Code of 1897; and sections 1072, 2734-l and 2734-u of the Supplement of 1913. The conclusion is inescapable that these two positions were held by the petitioner as a public officer rather than as a public employee. Consequently she had not been "an employee * * * in the public schools of this state with a record of service of twenty-five years or more * * *"; and, lacking such qualification, she is not entitled to receive the pension provided in the statute for those meeting its requirements.

■ II. The petitioner-plaintiff urges that the emphasis should be placed upon the word "service" rather than "employee"; that she has clearly a "record of service" in the public schools of the state amounting to twenty-five years or more. It is only necessary to point out that "service" is a qualifying term following the words "who shall have been an employee." The "record of service" must have been made by an "employee";

the requirement is that to be eligible the applicant must have been "an employee * * * with a record of service * * *."

Again, it is argued that we should look to the definitions of "employment" and "employee" contained in sections 97B.41, paragraphs 2, 3b and 97C.2, paragraph 3, which it is contended would make the plaintiff an "employee" during the times she served in an official capacity as State Superintendent of Public Instruction and County Superintendent of Schools. The contention is that these chapters, and section 294.15, supra, all deal with retirement systems and pension plans; and the legislative intent is expressed in sections 97B.41 and 97C.2. So it is, for those chapters. But the definition set out in each of these sections is prefaced by the provision "When used in this chapter" (section 97B.41) or "For the purposes of this chapter" (section 97C.2). This limits the definitions strictly to the chapters in which they appear. The legislature enacted section 294.15 after chapters 97B and 97C were already in effect. It must be held to have known that it had limited the definitions in those chapters to the chapters themselves; and further, that we had in several cases, including those cited above and others, distinguished between a "public officer" and a "public employee."

We have examined the authorities cited by the petitioner-plaintiff and do not find that they support her case. We have made no attempt to analyze the duties of a Superintendent of Schools in a small town or of the State Inspector of Rural Schools to determine whether one holding either of them would be a public officer or a public employee, since a favorable determination of these questions for the plaintiff would still leave her considerably short of the required time.—Affirmed.

All JUSTICES concur except THORNTON, J., who takes no part.