BESSIE M. ELLER, appellant, v. IOWA EMPLOYMENT SECURITY
COMMISSION et al., appellees.

No. 49862.

(Reported in 100 N.W.2d 417)

JANUARY 12, 1960.

Donald R. Payer, of Ames, for appellant.

Don G. Allen, of Des Moines, for appellees.

THORNTON, J.—This appeal presents the same question for
decision as was presented in Francis v. Iowa Employment Secu-
rity Commission, 250 Iowa 1300, 98 N.W.2d 733. The question
is the distinction between the terms "public officer" and "em-
ployee." In the Francis case we decided against the position of
appellant here and upon such authority we affirm the ruling of
the trial court.

Plaintiff-appellant filed a petition for a writ of certiorari
in the trial court alleging the Iowa Employment Security Com-

mission acted illegally in denying her benefits under section 294.15, Code of Iowa, 1958. She contended she came within the requirements of such section. The pertinent part of section 294.15 is as follows:

"Any person having attained the age of sixty-five who shall have been an employee, holding a valid teaching certificate, in the public schools of this state with a record of service of twenty-five years or more, including a maximum of five years out-of-state service followed by at least ten years service in this state prior to retirement and who shall have retired prior to July 4, 1953, shall be entitled to receive retirement allowance payments from the state of Iowa of not less than seventy-five dollars per month. * * *."

In the trial court the parties stipulated plaintiff met all of the requirements, except in making up 25 years of service as an employee in the public schools there was included two years as deputy county superintendent and 15 years as County Superintendent of Schools of Hardin County, and if such periods totaling 17 years could not be included her claim was insufficient. The trial court held such 17 years could not be included and dismissed the petition.

The distinction between an "employee" and a "public officer" is fully set out in Division I, and the contentions of the plaintiff as to the interpretation of section 294.15 are fully covered in Division II, of the Francis case. Therefore further discussion of the case is unnecessary.—Affirmed.

All JUSTICES concur.