953 F.2d 1391
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edward W. ELAM and Michael C. Byers, Plaintiffs-Appellees,
v.
Gary WILLIAMS, as Mayor of the City of Mulvane and
Individually, and City of Mulvane, Kansas,
Defendants-Appellants.
 No. 91-3019.
 United States Court of Appeals, Tenth Circuit.
 Feb. 4, 1992.
 
 Before JOHN P. MOORE and EBEL, Circuit Judges, and ALLEY, District Judge.*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This is an interlocutory appeal from the denial of a Harlow v. Fitzgerald motion to dismiss on the grounds of qualified immunity. The defendant asserting the motion has died, and the parties have not addressed the effect of his death on the viability of the motion. We nonetheless affirm because the trial court did not err by denying it. We decline appellants' offer to expand the scope of the appeal.
 
 
 2
 Plaintiffs are two former officers of the City of Mulvane, Kansas, who have filed action against the City and its former mayor, Gary Williams. Pertinent to the issue before us is plaintiffs' claim that Mr. Williams constructively discharged them from their employment under circumstances prejudicial to their First Amendment liberty interests.
 
 
 3
 Specifically, plaintiffs contend the mayor took action against them on the basis of unfounded accusations which were later publicized to their detriment, hence adversely affecting their right to pursue employment. Defendant Williams filed a motion for summary judgment contending, among other things, he was immune under Harlow v. Fitzgerald, 457 U.S. 800 (1982). At oral argument in this court, counsel for the mayor asserted the factual basis for the mayor's claim of immunity was that he did not publicize the accusations leveled against plaintiffs.
 
 
 4
 Conducting a proper Harlow review, the trial court determined it could not grant relief because material facts were in dispute. Reviewing the mayor's contention that he made an effort to preserve the confidentiality of the accusations he brought against the plaintiffs, the district court stated, "the facts are controverted as to how the letters came into the hands of the media. The plaintiffs deny they were responsible and, therefore, some official of the City, possibly Williams himself, was responsible." We agree with the district court's analysis.
 
 
 5
 It is certainly clear that the accusatory statements were publicized. Whether the defendants are liable for violating plaintiffs' protected liberty interest as we have defined that liability, Melton v. City of Oklahoma City, 928 F.2d 920, 927 (10th Cir.) (en banc), cert. denied, 112 S.Ct. 296 (1991), is partly dependent upon whether Mr. Williams disclosed or caused the disclosure of his accusations.[1] From the record and the arguments presented to us, we believe that responsibility for disclosure can only be determined though a fact-finding process in the district court.[2]
 
 
 6
 Because a material issue relevant to the defendant's claim of immunity (if such a claim has survived his death) is in controversy, the district court properly denied the motion for summary judgment. See Salmon v. Schwarz, 948 F.2d 1131, 1141 (10th Cir.1991); DeVargas v. Mason & Hanger-Silas Mason Co., 844 F.2d 714, 719 (10th Cir.1988). Additionally, we are not persuaded by appellants' arguments that we should expand the interlocutory nature of the review permitted under Mitchell v. Forsyth, 472 U.S. 511 (1985), to encompass a full scale review of other issues which are appealable following final judgment.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Wayne Alley, United States District Court Judge for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We draw no conclusion whether the facts asserted by plaintiffs will support their claim
 
 
 [2]
 Mr. Williams' counsel asserts the record is uncontroverted that defendant himself did not make the disclosure. Assuming that to be true, we do not know the state of the evidence about whether he caused the disclosure