REQUESTED BY: Clark G. Nichols, Chairman Nebraska Public Employees Retirement Board
Neb. Rev. Stat. § 84-1501 (Cum. Supp. 1998) establishes the Nebraska Public Employees Retirement Board, and provides, in pertinent part:
 The Public Employees Retirement Board is hereby established. Such board shall consist of seven appointed members and the state investment officer as a nonvoting, ex officio member. Three of the appointed members shall be participants in the retirement systems administered by the board, one of the appointed members shall be a participant in such retirement systems who has retired, and three of the appointed members shall not be employees of the State of Nebraska or any of its political subdivisions.
(emphasis added). On March 16, 1998, Governor Nelson appointed Mr. Lormong Lo to the Nebraska Public Employees Retirement Board (the "Board") to fill a vacancy in one of the three positions allotted to non-participants in the retirement systems. Mr. Lo was subsequently confirmed in that position by the Nebraska Legislature. In your opinion request letter, you state that "[a]t the time of his appointment, and at all times since, Mr. Lo was, and still is, an elected member of the Omaha City Council." As a result of that situation, you ask:
 (a) whether Mr. Lo's position as an elected city council member constitutes being an employee of a political subdivision; and (b) if Mr. Lo is deemed to be an employee of a political subdivision, does this disqualify him from serving on the board for the rest of his appointed term?
The Nebraska statutes which create the Nebraska Public Employees Retirement Board, Neb. Rev. Stat. §§ 84-1501 through84-1513 (1994, Cum. Supp. 1998), do not define the term "employee" as it is used in § 84-1501. Nor has our research disclosed any Nebraska cases which deal with that specific issue. However, a number of cases from other jurisdictions indicate that the terms "officer" and "employee" are not interchangeable, and must be distinguished. Wilkerson v. State of Colorado,830 P.2d 1121 (Colo.Ct.App. 1992); Evert v. Ouren, 549 P.2d 791
(Colo.Ct.App. 1976); Francis v. Iowa Employment Security Commission,250 Iowa 1300, 98 N.W.2d 733 (1959); State ex rel. Dresskell v.City of Miami, 153 Fla. 90, 13 So.2d 707 (1943); 67 C.J.S.Officers § 7 (1978). In that context, the term "office" implies a delegation of a portion of the sovereign power to the person filing the office. Wilkerson v. State of Colorado, 830 P.2d 1121
(Colo.Ct.App. 1992). Similarly, the Nebraska Supreme Court has indicated that a "public office" is a "governmental position, the duties of which invest the incumbent with some aspect of the sovereign power." State ex rel. Spire v. Conway, 238 Neb. 766,771, 772, 472 N.W.2d 403, 407 (1991). A "public office" embraces the ideas of tenure, duration, emolument and duties. State exrel. O'Connor v. Tusa, 130 Neb. 528, 265 N.W.2d 524 (1936).
In the present case, it appears to us that Mr. Lo, as a member of the Omaha City Council, is an officer of the City of Omaha. His position and duties are created by statute and by city ordinance. He is elected for a set term of office. And, as a city council member, he clearly exercises aspects of the sovereign power of the city. Consequently, since "officer" and "employee" are not interchangeable and must be distinguished, we believe that Mr. Lo is an officer of the City of Omaha and not an employee of that governmental subdivision. For that reason, Mr. Lo is not prohibited from serving on the Board in a non-participant capacity under § 84-1501.
We would also point out that our analysis set out above, based upon the distinction between officers and employees, is supported by other provisions of the Nebraska statutes. For example, under Neb. Rev. Stat. § 13-903 (3) (1997), the phrase "employee of a political subdivision" means "any one or moreofficers or employees of the political subdivision . . ." for purposes of the Nebraska Political Subdivisions Tort Claims Act. Neb. Rev. Stat. § 13-903 (3) (1997) (emphasis added). In a similar fashion, the State Employees Retirement Act defines "employee" to mean "any person or officer employed by the State of Nebraska whose compensation is paid out of state funds . . ." Neb. Rev. Stat. § 84-1301 (5) (Cum. Supp. 1998) (emphasis added). It seems to us that since the Legislature took pains to separately include officers within definitions of employees in other portions of the Nebraska statutes, the fact that officers are not specifically listed as or with employees in § 84-1501
lends credence to the notion that "employees" in that latter statute should be given its normal, more restrictive reading.
Therefore, we do not believe that Mr. Lo is an employee of the City of Omaha who is prohibited from serving on the Board by virtue of his seat on the Omaha City Council. Since we have reached that conclusion, there is no need for us to address your second question.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
DON STENBERG 
Attorney General