M. Glynn GATTIS and Mark D. Bowman, Appellees,

v.

Carroll GRAVETT, Individually and in his official capacity as Sheriff of Pulaski County, Arkansas, Appellant.

No. 86–1444.

Submitted Sept. 11, 1986.

Decided Dec. 2, 1986.

United States Court of Appeals, Eighth Circuit.

Rehearing and Rehearing En Banc Denied Feb. 10, 1987.

Stephen L. Curry, Little Rock, Ark., for appellant.

Charles R. Hicks, Little Rock, Ark., for appellees.

Before ROSS, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLL-MAN, Circuit Judge.

ROSS, Circuit Judge.

Appellant Carroll Gravett, Sheriff of Pulaski County, Arkansas, appeals from a judgment of the district court finding that the manner in which he fired two employees holding the rank of "major" in his office violated their procedural due process rights under the fourteenth amendment.

Appellees, M. Glynn Gattis and Mark D. Bowman, were hired in January 1981 as majors in the Pulaski County Sheriff's office. In November 1982 the voters of Pulaski County voted to bring the county within the civil service system established by Act 952, 1977, codified as ARK.STAT.ANN. §§ 12–1120 through 12–1137 (1979 and Supp.1985). These civil service statutes and the county's Rules and Regulations adopted pursuant to the statutes limit dismissal of nonprobationary civil service "personnel" to "just cause" and require extensive procedural protections including notice, hearing, trial and appeal rights.

On June 28, 1985, the Arkansas legislature adopted Act 141, 1985, amending ARK.STAT.ANN. § 12–1120 to withdraw from the definition of "personnel" covered by the civil service provisions "those persons holding the rank of major and above," among others, in the office of the county sheriff of any county with a civil service system. Majors from that date forward were to "serve at the pleasure of the sheriff." Within six weeks after the passage of Act 141, appellant dismissed appellees without affording them the civil service system notice and hearing procedures.

The district court found that the civil service statutes and Pulaski County Rules and Regulations had created a property interest in continued employment in favor of appellees. Because appellant discharged appellees without providing the pretermination procedural due process required by *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 1493–95, 84 L.Ed.2d 494 (1985), the district court

ordered appellees reinstated with back pay and benefits.

We conclude, however, that the Arkansas legislature, through passage of Act 141, terminated or extinguished the property interest in employment previously conferred on sheriff's department personnel holding the rank of major and above. As a result, appellees were no longer entitled to any particular procedural protections at the time they were discharged by appellant. Accordingly, we reverse.

■ In *Cleveland Board of Education v. Loudermill, supra,* 105 S.Ct. at 1491, the Supreme Court reiterated the manner in which a property interest warranting procedural due process protection is created:

> Property interests are not created by the Constitution, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...."

(Citations omitted.) Once created, a property interest cannot be deprived except pursuant to constitutionally adequate procedures. *Id.* at 1493. *See also Atkins v. Parker,* 472 U.S. 115, 105 S.Ct. 2520, 2529, 86 L.Ed.2d 81 (1985) (discussing property interests in economic benefits):

Food-stamp benefits, like the welfare benefits at issue in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), "are a matter of statutory entitlement for persons qualified to receive them." * * * Such entitlements are appropriately treated as a form of "property" protected by the Due Process Clause; accordingly, the procedures that are employed in determining whether an individual may continue to participate in the statutory program must comply with the commands of the Constitution.

■ However, the legislature which creates a statutory entitlement (or other property interest) is not precluded by having done so from altering or terminating the entitlement by subsequent legislative enactment.

The procedural component of the Due Process Clause does not "impose a constitutional limitation on the power of Congress to make substantive changes in the law of entitlement to public benefits."

*Id.* at 2529–30 (citation omitted). In *Atkins,* an amendment to the Food Stamp Act reduced the amount of earned income which would be disregarded in determining eligibility for food stamps. The amendment had the effect of reducing the benefit levels for some persons and of altogether extinguishing the entitlement of others who had previously qualified to receive the benefits. The Court in *Atkins* held that absent some identified defect in the legislative process, a legislature has the power to modify or rescind property interests previously conferred.

> * * * Congress had plenary power to define the scope and the duration of the entitlement to food-stamp benefits, and to increase, to decrease, or to terminate those benefits based on its appraisal of the relative importance of the recipients' needs and the resources available to fund the program.

> \*     \*     \*     \*     \*     \*

> Before the statutory change became effective, the existing property entitlement did not qualify the legislature's power to substitute a different, less valuable entitlement at a later date.

*Id.* at 2529–30. *Accord Jones v. Reagan,* 748 F.2d 1331, 1338–39 (9th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 3505, 87 L.Ed.2d 636 (1985), concerning a congressional budget reduction bill terminating the property interest in subsidized medical care previously conferred on disabled seamen:

> Congress' gratuitous provision of free medical care did not give the seamen a "vested right" to the benefits immune from repeal. Property rights to public benefits are defined by the statutes or customs that create the benefits. *See, e.g., Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). *When, as here, the statute*

*authorizing the benefits is amended or repealed, the property right disappears.* (Emphasis added.) *See also Silverman v. Barry,* 727 F.2d 1121, 1125 (D.C.Cir.1984) (while the executive branch may not arbitrarily rescind entitlements guaranteed by the legislative branch, the legislature itself is free to modify or eliminate statutory entitlements).

While the legislative alteration or elimination of a previously conferred property interest may be a "deprivation," the legislative process itself provides citizens with all of the "process" they are "due". *Atkins v. Parker, supra,* 105 S.Ct. at 2530. *Accord Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 432–33, 102 S.Ct. 1148, 1155–56, 71 L.Ed.2d 265 (1982). *Logan* applied not to economic benefits but to a statutory entitlement in the form of a right to pursue a fair employment practice claim. The Court explained that a legislature may not empower an administrative agency to extinguish, without notice and hearing, an employee's property interest in pursuing a fair employment practice claim, notwithstanding that the legislature is itself empowered to extinguish the statutory entitlement through legislative action. "Of course, the State remains free to * * * eliminate its statutorily created causes of action altogether— just as it can amend or terminate its welfare or employment programs. * * * In each case, the legislative determination provides all the process that is due * * *." *Id.*

■ Thus the legislature which creates a property interest may rescind it, whether the legislative body is federal or state and whether the interest is an entitlement to economic benefits, a statutory cause of action or civil service job protections. By the time appellant discharged appellees, the Arkansas legislature had removed appellees' employment position from those entitled to civil service system protections. Accordingly, the property interest previously conferred on civil service personnel had been extinguished as to a class of employees including majors in the offices of the Arkansas county sheriffs. Because, as *Lo-gan* and *Atkins, supra,* indicate, the legislative process affords all the procedural due process required by the Constitution, the elimination of appellees' property interest in employment, although a deprivation, was not a deprivation without due process under the fourteenth amendment of the Constitution. We therefore reverse the judgment of the district court and remand with directions to dismiss the complaint with prejudice.