840 F.2d 11
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Patricia MASON, Plaintiff-Appellee,
v.
CITY OF GASTONIA, Bob Adams, Joe Davis, Roger Kayler, Henry
Cannon, Ronnie Ransom, Glendell Brooks, W.B.
Brooks, Gary Hicks, Jim Philyaw,
Defendants- Appellants,
Patricia MASON, Plaintiff-Appellee,
v.
CITY OF GASTONIA, Bob Adams, Joe Davis, Roger Kayler, Henry
Cannon, Ronnie Ransom, Glendell Brooks, W.B.
Brooks, Gary Hicks, Jim Philyaw,
Defendants- Appellants.
 Nos. 87-3556, 87-3568.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 30, 1987.
Decided Feb. 19, 1988.
 
 Margaret Ann Anderson (Charles F. Vance, Jr., Womble, Carlyle, Sandridge & Rice, Henry M. Whitesides, Whitesides, Robinson & Blue on brief) for appellants.
 John West Gresham (C. Margaret Errington, Ferguson, Stein, Watt, Wallas & Adkins, P.A. on brief) for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant appeals from a judgment entered on a jury verdict in favor of the plaintiff, Patricia Mason, who was employed as a clerical supervisor with the City of Gastonia, North Carolina, and who has filed this action against the City, members of its City council, its City manager, and its finance director asserting that she was terminated in violation of her due process rights. The district court at trial failed to make an essential determination in this case and we remand in order that it may make such determination.
 
 
 2
 The pertinent facts are not in dispute. Mason was employed by the City of Gastonia as a clerical supervisor. One of her responsibilities was to close the City's safe, make sure that it was locked, and initial a check list to show that she had done so. On September 14, 1983, the safe door was found open after Mason had left work. Nothing was missing from the safe and the check list had been initialed both by Mason and her supervisor. However, the City considered this incident to be a serious breach of security and Mason was terminated.
 
 
 3
 The principal issue before us is whether Mason had a property interest in continued employment with the City of Gastonia, with a right to a due process hearing before termination. "A property interest in employment can, of course, be created by ordinance, or by an implied contract." Bishop v. Wood, 426 U.S. 341, 344 (1976). In asserting her claim the plaintiff relied on certain regulations adopted in an ordinance of the Council of the defendant City, designated as sections 4.4 through 4.11 of the City Employment Regulations. The plaintiff construed these regulations to confer on her a property right in her job. The defendant at first seemed to accept that the regulations cited by the plaintiff were applicable to plaintiff's employment but argued that such regulations were intended merely to "provide a guideline to correct an employee's unsatisfactory work performance or misconduct ..." and did not confer any property right on the plaintiff in her job. The conflicting construction of the regulations came before the district court for resolution on defendants' motion for summary judgment. The district court denied the motion, finding that the regulations "create[d] an expectation of continued employment by establishing the bases on which an employee might be discharged and the procedures which must be followed in discharging an employee."
 
 
 4
 Prior to trial, however, the defendant represented to the court that the regulations relied on by the plaintiff had, before plaintiff's discharge, been superseded by a new regulation, section 4-46(b), which rendered plaintiff's employment as at will. The district court allowed the defendants to amend their answer by pleading these superseding regulations and at trial admitted the regulations into evidence.
 
 
 5
 The district court made no determination at trial as to which set of regulations governed Mason's employment. Rather, the district court apparently submitted the issue to the jury for its determination of the question, "In the period during which Plaintiff was discharged, was it the policy and practice of the City of Gastonia not to discharge employees without just cause?"
 
 
 6
 The district court erred in not determining which of the two regulations governed Mason's employment and discharge and in not determining whether the applicable regulation created a property interest in employment. Plaintiff's right to recover depends upon whether she has a property interest in employment with the City of Gastonia. If, prior to her discharge, the second regulations replaced the ones relied on by the plaintiff, the question whether the plaintiff had a property right in her employment would be determined on the basis of the later regulations applicable at the time of her discharge, which would normally be a question of law for determination by the court. The power of the City to amend or replace its earlier regulations and thereby alter the property right of an employee in her employment is, in our opinion, clear. See Gattis v. Gravett, 806 F.2d 778 (8th Cir.1986). Whether she has such a property interest thus depends, first, upon which city regulation was applicable to her status as an employee at the time of her discharge, and, second, on the proper construction of such applicable regulation. The district court failed to make these essential determinations and it is necessary to remand the case in order to secure the district court's determination as to which regulation was applicable to plaintiff at the time of her discharge and whether such regulation created a property right in her employment.
 
 
 7
 Should the district judge find that the second regulation is applicable to the case and does not create a property interest in the plaintiff, the judgment herein in favor of the plaintiff should be reversed and judgment entered in favor of the defendants. If, on the other hand, the district judge finds the first regulation was applicable, then the judgment of the district court would be subject to further review by us on the correctness of the district judge's construction of the regulation sections 4.4 through 4.11 as creating a property right in favor of the plaintiff in her employment. In any event, the action must be remanded to the district court for further action in accordance with the terms of this decision. Judgment reversed and remanded to the district court for further proceedings.
 
 
 8
 REVERSED and REMANDED.