United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 96-3988

Kirk D. Sykes,                              *
                                           *
           Appellant,                      *
                                           *   Appeal from the United States
     v.                                    *   District Court for the
                                           *   Western District of Arkansas.
The City of Gentry, Arkansas; The City     *
Council of Gentry, Arkansas; Robert D.     *
Abrahamson, Mayor, City of Gentry,         *
Arkansas,                                  *
                                           *
           Appellees.                      *

_____

Submitted: May 23, 1997
Filed: June 13, 1997
_____

Before MURPHY, HEANEY, and MAGILL, Circuit Judges.
_____

MAGILL, Circuit Judge.

Kirk D. Sykes, the former police chief of Gentry, Arkansas, appeals the district court's[1] grant of summary judgment against him in his 42 U.S.C. § 1983 (1994) action against the City of Gentry. We affirm.

---

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

**I.**

On March 22, 1995, Sykes was hired as the chief of police of Gentry, Arkansas. At the time Sykes was hired, § 14-43-504(e)(2) of the Arkansas Code provided that "Mayors shall have the power to choose and appoint the chief of the police department . . . who shall hold office until the following election for mayor, and until a successor is appointed by the incoming mayor, unless sooner removed for cause . . . ." Ark. Code Ann. § 14-43-504(e)(2) (Michie 1987). Section 14-43-505 provided that a police chief could be removed for inefficiency, misconduct, or neglect of duty by a majority vote of the city council. Ark. Code Ann. § 14-43-505 (Michie 1987). In an unappealed case not involving the instant parties, the United States District Court for the Western District of Arkansas held that these provisions created a property interest for a police chief in the position. See Pearson v. City of Paris, 839 F. Supp. 645, 650 (W.D. Ark. 1993). Accordingly, the Pearson court held that the termination of a police chief without cause constituted a deprivation of property without due process, a violation of the Fourteenth Amendment that was actionable under § 1983. Id. at 649.

On April 5, 1995, about two weeks after Sykes was hired, the Arkansas Legislature enacted Ark. Code Ann. § 14-42-110 (Michie 1987 & Supp. 1995). Section 110 provides that:

> Mayors in cities of the first class and second class and incorporated towns shall have the power to appoint and remove all department heads, including city and town marshals appointed, unless the city or town council shall, by a two-thirds (2/3) majority of the total membership of the council, vote to override the mayor's action.

Ark. Code Ann. § 14-42-110 (emphasis added).[2]

---

[2]Gentry is considered a city of the first class.

On November 9, 1995, the Mayor of Gentry terminated Sykes without cause. The City Council considered the termination and a motion was made to override it, but failed for want of a second.

Sykes subsequently brought this action in the district court under § 1983.[3] The district court denied relief, concluding that, while Sykes once had a property interest in his position, that property interest was destroyed when the Arkansas Legislature enacted § 110. Sykes now appeals.

## II.

Sykes argues that his property interest in his position, created by § 504, was not lost by the subsequent enactment of § 110 because this would constitute a retroactive effect of the new statute. Because Arkansas law disfavors retroactive effects of statutes, see State v. Kansas City & Memphis Ry. & Bridge Co., 174 S.W. 248, 251 (Ark. 1914), Sykes contends that his property interest was unaffected by the change in the law.

Sykes's argument is meritless. Had Sykes been terminated prior to the enactment of § 110, he perhaps would have had an argument for retroactivity. As it is, the impact of § 110 is purely prospective.

This Court has repeatedly held that a state may legislatively eliminate a previously conferred property interest in state employment. See Packett v. Stenberg, 969 F.2d 721, 726 (8th Cir. 1992). "While the legislative alteration or elimination of a previously conferred property interest may be a deprivation, the legislative process

---

[3]Sykes also sought relief under the Fair Labor Standards Act for unpaid overtime and under various state causes of action. The district court denied relief under these theories, and Sykes does not pursue them on appeal.

itself provides citizens with the process they are due." Id. See also Gattis v. Gravette, 806 F.2d 778, 781 (8th Cir. 1986) ("[T]he legislature which creates a property interest may rescind it, whether the legislative body is federal or state and whether the interest is an entitlement to economic benefits, a statutory cause of action or civil service job protections. By the time appellant discharged appellees, the Arkansas Legislature had removed appellees' employment position from those entitled to civil service system protections. Accordingly, the property interest previously conferred . . . had been extinguished . . . . [Because] the legislative process affords all the procedural due process required by the Constitution, the elimination of appellees' property interest in employment, although a deprivation, was not a deprivation without due process under the Fourteenth Amendment of the Constitution." (emphasis added)).

Any property interest Sykes had in his position was eliminated when the Arkansas Legislature enacted § 110. Because Sykes had no property interest in his position, there was no due process violation when he was terminated. Accordingly, the district court's grant of summary judgment is affirmed.

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.